FOR PUBLICATION

**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**APPELLATE DIVISION**

| | | |
|---|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS** | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | D.C. Crim. App. No. 2006-79 |
| | ) | |
| **RIISE RICHARDS** | ) | |
| | ) | |
| Appellee. | ) | |

On Appeal from the Superior Court of the Virgin Islands
The Honorable Leon A. Kendall, presiding.

Considered: December 8, 2009
Filed: June 11, 2015

BEFORE:   **CURTIS V. GOMEZ**, Chief Judge, District Court of the Virgin Islands and **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands.[1]

ATTORNEYS:

Terryln M. Smock, Esq.
St. Thomas, U.S.V.I.
    *Attorney for Appellant.*

George H. Hodge, Esq.
St. Thomas, U.S.V.I.
    *Attorney for Appellee.*

**MEMORANDUM OPINION**

---

[1] While Judge Patricia D. Steele, of the Virgin Islands Superior Court, sat on the panel that considered this matter, she retired before the decision was issued.

*People of the Virgin Islands v. Richards*
Crim. App. No. 2006-79
Memorandum Opinion
Page 2

**PER CURIAM,**

The People of the Virgin Islands (the "People") appeal the judgment of acquittal granted in favor of the Appellee, Riise Richards ("Richards"). For the reasons stated herein, we will reverse the trial court's entry of a judgment of acquittal and remand with instructions to reinstate the jury's verdict.

## I.  FACTUAL AND PROCEDURAL HISTORY

The Virgin Islands Police Department (the "VIPD") funds an account with a travel agency (the "VIPD Travel Account"), Global Tours, for the purposes of purchasing airline tickets for the work-related travel of VIPD employees. (J.A. Vol. II at 66-69.) Ordinarily, to use this account, a VIPD employee submits a request to the VIPD Fiscal Office for authorization. (J.A. Vol. II at 159.) If authorized, monies from the VIPD Travel Account are then used to make the necessary purchases directly. (J.A. Vol. II at 161-164.)

Prior to the initiation of this action, Richards was the Director for Planning and Research of the Virgin Islands Police Department (the "VIPD"). In that position, she had access to Government funds, including the authority to purchase airline tickets with the VIPD Travel Account. (J.A. Vol. II, 158-59.)

On February 11, 2003, Richards wrote two letters to Celia Daniel, a travel agent with Global Tours. The first letter requested a cash advance from the VIPD Travel Account of $900 for travel-related expenses for one Claudette Rhymer ("Rhymer") to travel to a

Case: 3:06-cr-00079-CRA-GWB   Document #: 18   Filed: 06/11/15   Page 3 of 9

*People of the Virgin Islands v. Richards*
Crim. App. No. 2006-79
Memorandum Opinion
Page 3

conference in Washington, D.C. (Ex. 3A.) The second letter requested a cash advance of $2,500 for hotel expenses for Rhymer in Washington, D.C. (Ex. 2A.) At that time, Rhymer was not an employee of the VIPD. The VIPD never authorized or approved any cash advances for Rhymer's travel. (J.A. Vol. II at 164.)

Richards was charged in an eight-count Information. Richards was charged with: (1) obtaining money by false pretenses; (2) grand larceny; (3) embezzlement or falsification of public funds; (4) embezzlement by public and private officers; (5) fraudulent claim against the government; (6) fraudulent claim against the government; (7) grand larceny; and (8) embezzlement by public and private officers. A trial before a jury commenced on February 9, 2006, and concluded the following day.

At the close of the People's case, Richards moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The Court granted Rule 29 relief as to Count Six. The trial court took that motion under advisement as to all other counts. Thereafter, the jury returned a verdict of guilty as to two counts: Count Four, charging embezzlement by a public officer; and Count Seven, charging grand larceny. The jury acquitted Richards on the other five remaining counts of the information. After the announcement of the verdict, Richards renewed her motion for a judgment of acquittal. (J.A. Vol. III at 320.)

*People of the Virgin Islands v. Richards*
Crim. App. No. 2006-79
Memorandum Opinion
Page 4

On July 19, 2006, by oral order, the trial court entered a judgment of acquittal with respect to Count Four, and a judgment of conviction with respect to Count Seven. That oral order was memorialized in a written order of November 30, 2006.

The People now appeal the trial court's entry of a judgment of acquittal on Count Four. The sole issued raised is whether the trial court abused its discretion in entering the judgment of acquittal.

## II.  DISCUSSION

### A.  Jurisdiction

This Court has jurisdiction to review criminal judgments and orders of the Superior Court in cases in which the defendant has been convicted, and has not entered a guilty plea. *See* V.I. CODE ANN. tit. 4, § 33 (2006); Revised Organic Act of 1984, 28 U.S.C. § 1613(a).

Ordinarily, the Double Jeopardy Clause of the Fifth Amendment "prohibits reexamination of a court-decreed acquittal to the same extent it prohibits reexamination of an acquittal by jury verdict." *Smith v. Massachusetts*, 543 U.S. 462, 467 (2005). There is, however, one narrow exception: "When a jury returns a verdict of guilty and a trial judge . . . sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty." *Id.* (citing *United States v. Wilson*, 420 U.S. 332, 352-53 (1975)). "But if the prosecution has not yet obtained a conviction, further proceedings to secure one are impermissible . . . ." *Id.* (citing

Case: 3:06-cr-00079-CRA-GWB   Document #: 18   Filed: 06/11/15   Page 5 of 9

*People of the Virgin Islands v. Richards*
Crim. App. No. 2006-79
Memorandum Opinion
Page 5

*Smalis v. Pennsylvania*, 476 U.S. 140, 145 (1986)).

In *Smith v. Massachusetts*, 543 U.S. 462, 467 (2005), the Supreme Court considered whether a mid-trial court-decreed acquittal barred a subsequent appeal. There, the trial judge entertained argument on a motion for a judgment of acquittal as to one of the defendant's several counts. Thereafter, the judge orally granted the defendant's motion, and marked the defendant's motion with the handwritten endorsement, "Filed and after hearing, Allowed." *Id.* at 465. The trial judge subsequently reversed its decision, and the defendant was ultimately convicted on this count. The Supreme Court reversed, finding that the mid-trial order gave the defendant "no reason to doubt the finality of the . . . ruling" and the state had no rule of non-finality permitting reconsideration of such acquittals within a given time period. *Id.* at 470.

B.  **Standard of Review**

A trial court must enter a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In reviewing a trial court's judgment of acquittal, we must view all evidence and draw all reasonable inferences in favor of the prosecution. *See Georges v. Government of the Virgin Islands*, 119 F. Supp. 2d 514, 523 (D.V.I. App. Div. 2000), aff'd, 265 F.3d 1055 (3d Cir. 2001). We may sustain a court-decreed acquittal "only when the record contains no evidence, regardless of how it is weighted, from which the [trier of fact] could find guilt beyond a

*People of the Virgin Islands v. Richards*
Crim. App. No. 2006-79
Memorandum Opinion
Page 6

reasonable doubt." *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997) (quoting *United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1989)).

### III. ANALYSIS

The Government argues that it was error for the trial court to enter a judgment of acquittal as to Count Four of the information.

Count Four of the Information charges Richards with embezzlement by a public officer, in violation of Title 14, Section 1089 of the Virgin Islands Code ("Section 1089"). For a defendant to be convicted under Section 1089, the People must prove that: (1) the defendant was a public officer of the Government of the Virgin Islands; (2) the defendant fraudulently appropriated money from the Government of the Virgin Islands which she had in her possession or under her control by virtue of her trust; and (3) the defendant did so for a purpose not in the lawful execution of her trust. *See* V.I. CODE ANN. tit. 14, § 1089.

Elton Lewis, a former Commissioner of the VIPD who served during part of the period in question, was a witness for the Government. Lewis testified that Richards was the Director of Planning and Research, under the Office of the Police Commissioner, during the time in question. (J.A. Vol. II at 135.) Franz Christian, a former Police Commissioner whose tenure overlapped with Richards's, stated that he did not authorize Richards to request a cash advance for travel expenses on behalf of Rhymer. (J.A. Vol. II at 161-64.) He

*People of the Virgin Islands v. Richards*
Crim. App. No. 2006-79
Memorandum Opinion
Page 7

further testified that ordinarily, such requests had to be approved by the VIPD Fiscal Office, and that during his tenure he never approved any such advances from the VIPD Travel Account. (J.A. Vol. II at 159.)

The VIPD Fiscal Officer, Albert Elliot, testified that the Fiscal Office never approved Richard's request. (J.A. Vol. II at 192-193). Elliot also testified that to obtain a cash advance for travel expenses, a letter explaining the need for the advance had to be submitted to the Commissioner's Office. The Commissioner's Office would then review the request and determine whether to authorize the travel. If approved, the Commissioner's Officer would generate a voucher which in turn would allow the employee to obtain a check from the Department of Finance. (J.A. Vol. II at 192.)

Other evidence adduced at trial included two letters Richards wrote to Global Tours. (Exs. 2a, 3a.) Also admitted were corresponding checks written by Global Tours in the amounts requested in Richards's two letters. (Exs. 2b, 3b.) Daniel, a travel agent for Global Tours, explained how she prepared these checks after receiving Richards's two letters. (J.A. Vol. II at 73-85.) Daniel further explained that ordinarily, when Richards sought funds to travel, she would call Global Tours and Global Tours would issue the ticket directly. (J.A. Vol. II at 70-73.)

From this evidence, a jury could reasonably conclude: (1) that Richards was a public employee of VIPD; (2) that she had access to

*People of the Virgin Islands v. Richards*
Crim. App. No. 2006-79
Memorandum Opinion
Page 8

funds in the course of her position; and (3) that Richards accessed those funds for improper purposes, beyond the scope of her position.

In spite of this evidence, the trial court entered a judgment of acquittal on the ground that Richards was implicitly authorized to obtain a cash advance from the VIPD travel account. The trial court reasoned that the jury should have inferred that Richards was authorized to request such advances based on testimony that she was authorized to request funds for travel.

This Court's review is informed by the procedural posture of this case. Where a defendant moves for a judgment of acquittal at the close of the government's case and the trial court reserves judgment, this Court on review may consider only the evidence presented during the government's case-in-chief. *See United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005).

> In ruling on a motion for judgment of acquittal made pursuant to Fed. R. Crim. P. 29, a district court must review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt based on the available evidence. A finding of insufficiency should be confined to cases where the prosecution's failure is clear. *Courts must be ever vigilant in the context of Fed. R. Crim. P. 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury.*

*United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)(internal citations and quotations omitted)(emphasis supplied). In essence, we are required to draw "all

Case: 3:06-cr-00079-CRA-GWB   Document #: 18   Filed: 06/11/15   Page 9 of 9

*People of the Virgin Islands v. Richards*
Crim. App. No. 2006-79
Memorandum Opinion
Page 9

reasonable inferences in favor of the jury verdict." *United States v. Moyer*, 674 F.3d 192, 206 (3d Cir. 2012). It is not the province of the courts to second-guess the inferences drawn by the jury in light of all the evidence. Considering the evidence and drawing all inferences in favor of the People, we cannot say that the jury's verdict was unreasonable. Accordingly, we will reverse.

## IV. CONCLUSION

For the foregoing reasons, the Court will reverse the judgment of acquittal granted by the Superior Court on Count Four and remand this matter to the Superior Court to reinstate the conviction on Count Four. An appropriate Order follows.